IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHANEEKA SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:18-CV-00792 |
| | § | |
| NATIONAL CREDIT SYSTEMS, INC. | § | |
| | § | |
| & | § | |
| | § | |
| OLD REPUBLIC SURETY CO. | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL ANSWER OF DEFENDANT OLD REPUBLIC SURETY CO.

Defendant OLD REPUBLIC SURETY CO. ("Defendant") files this Original Answer to Plaintiff SHANEEKA SMITH'S ("Plaintiff") Original Petition and respectfully shows the Court as follows:

### JURISDICTION AND VENUE

1. Defendant denies the allegations in paragraph 1.

2. Defendant admits the allegations in paragraph 2.

3. Defendant admits the allegations in paragraph 3.

### THE PARTIES

4. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 4, and therefore denies the allegations in paragraph 4.

5. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 5, and therefore denies the allegations in paragraph 5.

6. Defendant admits the allegations in paragraph 6.

7. Defendant denies the allegations in paragraph 7.

## FACTUAL ALLEGATIONS

8. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 8, and therefore denies the allegations in paragraph 8.

9. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 9, and therefore denies the allegations in paragraph 9.

10. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 10, and therefore denies the allegations in paragraph 10.

11. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 11, and therefore denies the allegations in paragraph 11.

12. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 12, and therefore denies the allegations in paragraph 12.

13. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 13, and therefore denies the allegations in paragraph 13.

14. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 14, and therefore denies the allegations in paragraph 14.

15. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 15, and therefore denies the allegations in paragraph 15.

16. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 16, and therefore denies the allegations in paragraph 16.

17. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 17, and therefore denies the allegations in paragraph 17.

18.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 18, and therefore denies the allegations in paragraph 18.

19.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 19, and therefore denies the allegations in paragraph 19.

20.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 20, and therefore denies the allegations in paragraph 20.

21.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 21, and therefore denies the allegations in paragraph 21.

22.     The allegations in paragraph 22 are legal conclusions to which no response is required. Unless expressly admitted, Defendant denies the allegations in paragraph 22.

23.     The allegations in paragraph 23 are legal conclusions to which no response is required. Unless expressly admitted, Defendant denies the allegations in paragraph 23.

24.     The allegations in paragraph 24 are legal conclusions to which no response is required. Unless expressly admitted, Defendant denies the allegations in paragraph 24.

25.     The allegations in paragraph 25 are legal conclusions to which no response is required. Unless expressly admitted, Defendant denies the allegations in paragraph 25.

26.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 26, and therefore denies the allegations in paragraph 26.

27.     The allegations in paragraph 27 are legal conclusions to which no response is required. Unless expressly admitted, Defendant denies the allegations in paragraph 27.

28.     The allegations in paragraph 28 are legal conclusions to which no response is required. Unless expressly admitted, Defendant denies the allegations in paragraph 28.

29. Defendant admits that it is the surety for one bond filed with the Texas Secretary of State, but denies the remaining allegations in paragraph 29.

30. Defendant admits the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

## COUNT I. VIOLATION OF THE FDCPA § 1692e(2)(A)

32. Defendant asserts that a responsive pleading is not required to Paragraph 32, but to the extent such paragraph contains any allegations, Defendant denies the same. FED. R. CIV. P. 8 (b)(6).

33. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 33, and therefore denies the allegations in paragraph 33.

34. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 34, and therefore denies the allegations in paragraph 34.

## COUNT II. VIOLATION OF TDCA § 392.304(a)(8)

35. Defendant asserts that a responsive pleading is not required to Paragraph 35, but to the extent such paragraph contains any allegations, Defendant denies the same. FED. R. CIV. P. 8 (b)(6).

36. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 36, and therefore denies the allegations in paragraph 36.

37. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 37, and therefore denies the allegations in paragraph 37.

## COUNT III. VIOLATION OF FDCPA § 1692f(1)

38. Defendant asserts that a responsive pleading is not required to Paragraph 38, but to the extent such paragraph contains any allegations, Defendant denies the same. FED. R. CIV. P. 8 (b)(6).

39. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 39, and therefore denies the allegations in paragraph 39.

40. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 40, and therefore denies the allegations in paragraph 40.

## REQUEST FOR RELIEF

41. Defendant denies the relief contained in paragraph 41 and all subparts (a-e).

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Defendant asserts the following affirmative Defenses.

## FIRST AFFRIMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by lack of privity.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused or contributed to, in whole or in part, by Plaintiff's own acts and or omissions.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because she failed to mitigate her damages.

Dated:  December 19, 2018

      Respectfully submitted,

      **CONDON TOBIN SLADEK THORNTON PLLC**

      */s/Kendal B. Reed*
      Aaron Z. Tobin
      Texas Bar No. 24028045
      Kendal B. Reed
      Texas Bar No. 24048755
      Leah Lanier
      Texas Bar No. 24080068
      8080 Park Lane, Suite 700
      Dallas, Texas 75231
      Telephone: (214) 265-3800
      Facsimile: (214) 691-6311
      kreed@ctstlaw.com
      llanier@ctstlaw.com

## CERTIFICATE OF SERVICE

On December 19, 2018, I electronically submitted the foregoing document with the clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

      */s/Kendal B. Reed*
      Kendal B. Reed